## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUANITA RYAN,                              )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Case No. 05-2213-JWL
                                           )
SHAWNEE MISSION UNIFIED                    )
SCHOOL DISTRICT NO. 512, et al.,           )
                                           )
                    Defendants.            )

## <u>ORDER</u>

This matter comes before the court upon defendants' motion to compel (Doc. 52), seeking an order compelling plaintiff to respond to defendants' second interrogatories and second request for production of documents to plaintiff.

Plaintiff has filed a response (Doc. 54) wherein she does not contest the propriety of the items requested by defendants' motion. Instead, plaintiff attributes the failure to timely provide the requested discovery to technical difficulties that hindered e-mail communications between the parties. Plaintiff further represents to the court that the requested discovery has now been provided to defendant,[1] and indicates that she is willing to consent to a delay of plaintiff's deposition, if necessary, to cure any prejudice to defendants from the late discovery responses.

---

[1] *See* Notice of Service (Doc. 53), filed January 26, 2006.

Defendants' time to reply to plaintiff's response expired on February 17, 2006, without any filing.[2] Because defendants did not elect to file a reply, the court assumes that they do not contest any of the statements made by plaintiff in her response, including that full and complete responses have now been made to the outstanding discovery. The court, therefore, concludes that there are no outstanding issues that remain to be decided regarding the requested discovery.

Defendants also seek an award of reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Fed. R. Civ. P. 37(a)(4), addresses the issue of expenses and sanctions related to a motion to compel and provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party. . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[3]

Plaintiff failed to respond to defendants' discovery requests until after the instant motion to compel was filed. Furthermore, plaintiff has provided no justification for the failure to provide the requested discovery beyond technical difficulties that hindered the parties' communications. This is not a substantial

---

[2] Pursuant to D. Kan. Rule 6.1(d)(1), replies to responses to nondispositive motions are to "be filed and served within 14 days of the service of the response." Plaintiff's response (Doc. 54) was filed and served by entry in the court's CM/ECF system on February 3, 2006, so any reply from defendants was due by February 17, 2006. Pursuant to D. Kan. Rule 7.4, "[t]he failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right to thereafter file such a brief or response, except upon a showing of excusable neglect."

[3] Fed. R. Civ. P. 37(a)(4).

2

justification for the failure to provide the discovery in the time required by the Federal Rules of Civil Procedure.  Accordingly, the court will order the parties to confer, on or before February 28, 2006**,** in an effort to resolve the issue of fees to be paid to defendants by plaintiff or plaintiff's counsel as the reasonable fees and expenses incurred in filing the instant motion to compel.  If the parties are unsuccessful in resolving the issue without court intervention by that date, then plaintiff will be directed to show cause to the court, by March 3, 2006, why sanctions should not be imposed for her failure to provide the requested discovery.

**IT IS THEREFORE ORDERED** :

1.  That the defendants' motion to compel (Doc. 52) is hereby granted.

2.  That, on or before **February 28, 2006**, the parties shall confer in an effort to resolve the issue of fees to be paid to defendants by plaintiff or plaintiff's counsel as their reasonable fees and expenses incurred in filing the instant motion to compel.

3.  That, should the parties not reach an agreement on the issue of defendants' reasonable fees and expenses in accordance with item 2 above, plaintiff shall, on or before **March 3, 2006, SHOW CAUSE** to the court, in writing, why she or her counsel should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for her failure to provide the requested discovery.  Defendants' counsel is directed to submit an affidavit to the court, providing a verified accounting of defendants' fees and expenses related to filing the instant motion, by the same date.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

3